

ORIGINAL FILED 07 NOV -6 PM 3:41 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

STEPHEN M. GAFFIGAN (*Pro Hac Vice To Be Filed*)
STEPHEN M. GAFFIGAN, P.A.
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-Mail: Stephen@smgpa.net

KENNETH E. KELLER (State Bar No. 71450)
MICHAEL D. LISI (State Bar No. 196974)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN, LLP
114 Sansome Streeet, 4th Floor
San Francisco, California 94104-3898
Telephone: (415) 249-8330
Facsimile: (415) 249-8333
E-mail: kkeller@kksrr.com
E-mail: mlisi@kksrr.com

Attorneys for Plaintiff
CHANEL, INC., a New York Corporation

E-filing

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SI

| | |
|---|---|
| CHANEL, INC., a New York corporation<br><br>Plaintiff,<br><br>v.<br><br>SEOUNG HYUN KIM a/k/a BAILEY KIM and HARRISON Y. CHANG a/k/a HARRY CHANG, individually and jointly d/b/a, SWISSWATCHFACTORY.COM d/b/a SWISS WATCH FACTORY d/b/a NEOLINE GROUP d/b/a THEALAMEDAWAY@AOL.COM d/b/a NEOLINE INC d/b/a SWISSWATCHCRAFT.COM d/b/a OHMYWATCH.COM, and DOES 1-10,<br><br>Defendants. | CV 07 Case No. 5641<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff, CHANEL, INC., a New York corporation ("Chanel") hereby sues Defendants, SEOUNG HYUN KIM a/k/a BAILEY KIM ("Kim") and HARRISON Y. CHANG a/k/a HARRY CHANG ("Chang"), individually and jointly d/b/a, SWISSWATCHFACTORY.COM d/b/a SWISS WATCH FACTORY d/b/a NEOLINE GROUP d/b/a THEALAMEDAWAY@AOL.COM d/b/a NEOLINE INC d/b/a SWISSWATCHCRAFT.COM d/b/a OHMYWATCH.COM, and DOES 1-10, (collectively, "Defendants") and alleges as follows:

**THE PARTIES**

1. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality watches under the Federally registered trademarks J12 and CHANEL (collectively the "Chanel Marks.")

2. Kim is an individual, who, upon information and belief, conducts business within this Judicial District at 3612 Flora Vista Avenue # 362, Santa Clara, California 95051 and 3971 Landmark Lane, Brea, California 92823. Kim uses at least the names SwissWatchFactory.com, Swiss Watch Factory, NEOline Group, TheAlamedaWay@aol.com, Neoline Inc., SwissWatchCraft.com, and OhMyWatch.com as aliases to operate his business.

3. Upon information and belief, Kim is directly and personally engaging in the sale of counterfeit and infringing products within this District as alleged herein.

4. Chang is an individual, who, upon information and belief, conducts business within this Judicial District at 10 Kincaid Court, Alameda, California 94501. Chang uses at least the names SwissWatchFactory.com, Swiss Watch Factory, NEOline Group, TheAlamedaWay@aol.com, Neoline Inc., SwissWatchCraft.com, and OhMyWatch.com as aliases to operate his business.

5. Upon information and belief, Chang is directly and personally engaging in the sale of counterfeit and infringing products within this District as alleged herein.

6. Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this Judicial District. Further, Does 1-5 are directly and

personally contributing, inducing and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. Plaintiff is presently unaware of the true names of Does 1-5. Plaintiff will amend this Complaint upon discovery of the identities of such fictitious Defendants.

7. Defendants, Does 6-10 are business entities which, upon information and belief, reside and/or conduct business within this Judicial District. Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. Plaintiff is presently unaware of the true names of Does 6-10. Plaintiff will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## JURISDICTION AND VENUE

8. This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.

9. This Court also has diversity jurisdiction under 28 U.S.C. §§ 1332, in that diversity of citizenship exists and the amount in dispute exceeds $75,000.

10. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and Defendants reside and conduct substantial business activities within this District.

## INTRADISTRICT ASSIGNMENT

11. This action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c) and General Order 44, and hence, the action is to be assigned on a district-wide basis.

## COMMON FACTUAL ALLEGATIONS

12. Chanel is the owner of the following trademarks which are protected by the following United States Federal Trademark Registrations:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| CHANEL | 0,955,074 | March 13, 1973 |
| CHANEL | 1.571,787 | December 19, 1989 |

| | | |
|---|---|---|
| J12 | 2,559,772 | April 9, 2002 |
| CHANEL | 1,238,001 | May 17, 1983 |
| CHANEL | 3,133,139 | August 22, 2006 |

These marks are registered in International Class 14 and are used in connection with manufacture and distribution of, among other things, high quality watches.

13. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality watches and other goods for an extended period of time.

14. The Chanel Marks have never been assigned or licensed to any of Defendants in this matter.

15. The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned.

16. Further, Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

17. Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high quality watches and other goods and has carefully monitored and policed the use of the Chanel Marks.

18. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel.

19. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality watches and other goods.

20. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

21. Chanel has discovered Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least high quality

watches and other goods bearing trademarks which are exact copies of the Chanel Marks (the "Counterfeit Goods"). Specifically, upon information and belief, Defendants are using the Chanel Marks in the same stylized fashion, for different and inferior quality goods.

22. Upon information and belief, the quality of Defendants' Counterfeit Goods is substantially different than the quality of Chanel's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of Defendants' actions will be to result in the confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

23. Upon information and belief, Defendants purchase their Counterfeit Goods and advertise those goods for sale to the consuming public. In so advertising these products, Defendants use the Chanel Marks. Indeed, Defendants herein, upon information and belief, misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

24. Upon information and belief, Defendants are conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere throughout the United States. As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Chanel does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

25. Defendants' use of the Chanel Marks, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiff's consent or authorization.

26. Further, Defendants may be, upon information and belief, engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be damaged.

27. Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Chanel's genuine goods and Defendants' Counterfeit Goods.

28. Plaintiff has no adequate remedy at law.

29. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

30. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

31. Plaintiff has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

32. Plaintiff hereby readopts and realleges the allegations set forth in Paragraphs 1 through 31 above.

33. This is an action for trademark counterfeiting and infringement against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

34. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing watches and other

goods bearing the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell watches and other goods.

35. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

36. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

37. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Plaintiff has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT**

39. Plaintiff hereby readopts and realleges the allegations set forth in Paragraphs 1 through 31 above.

40. Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

41. Defendants' Counterfeit Goods bearing the Chanel Marks are virtually identical in appearance to each of Chanel's respective genuine goods. However, the Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

42. Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and

have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff.

43. Specifically, Defendants, upon information and belief, have authorized an infringing use of the Chanel Marks, in Defendants' advertisement and promotion of their counterfeit and infringing watches and other goods. Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

44. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

45. Plaintiff has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to their goodwill and business reputation as well as monetary damages.

**PRAYER FOR RELIEF**

WHEREFORE, Chanel's demand judgment jointly and severally against Defendants as follows:

a. The Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe

any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, watches and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

b. Defendants be required to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities, and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendants in the amount of one million ($1,000,000.00) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

c. Chanel be awarded punitive damages.

d. Chanel be awarded pre-judgment interest on its respective judgment.

e. Chanel be awarded its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

f. Chanel be awarded such other and further relief as the Court may deem just and proper.

Dated: November 6, 2007

KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: Kenneth E Keller

KENNETH E. KELLER
Attorneys for Plaintiff CHANEL, INC., a New York Corporation