KENNETH R. KELLER (SBN 71450) kkeller@kksrr.com
MICHAEL D. LISI (SBN 196974) mlisi@kksrr.com
ANJALI K. KURANI (SBN 227075) akurani@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Streeet, 4th Floor
San Francisco, CA  94104-3898
Telephone:  (415) 249-8330
Facsimile:   (415) 249-8333

Attorneys for Plaintiff
CHANEL, INC., a New York Corporation

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation | Case No.:  3:07-cv-05641-SI |
| Plaintiff, | |
| v. | **PLAINTIFF CHANEL, INC.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST SEOUNG HYUN KIM** |
| SEOUNG HYUN KIM a/k/a BAILEY KIM and HARRISON Y. CHANG a/k/a HARRY CHANG, individually and jointly d/b/a, SWISSWATCHFACTORY.COM d/b/a SWISS WATCH FACTORY d/b/a NEOLINE GROUP d/b/a THEALAMEDAWAY@AOL.COM d/b/a NEOLINE INC d/b/a SWISSWATCHCRAFT.COM d/b/a OHMYWATCH.COM, and DOES 1-10, | Date:  July 25, 2008<br>Time:  9:30 a.m.<br>Courtroom:  10, 19th Floor<br>The Hon. Judge  Susan Illston |
| Defendants. | |

TABLE OF CONTENTS

PAGE(S)

I.      INTRODUCTION ............................................................................................................ 1

II.     CHANEL IS ENTITLED TO JUDGMENT AGAINST DEFENDANT ...................................... 2

        A.      Default Is Proper .................................................................................... 2

        B.      Chanel's Rights ...................................................................................... 2

        C.      Defendant's Infringing Acts ................................................................. 4

III.    CHANEL IS ENTITLED TO THE RELIEF REQUESTED ...................................................... 5

        A.      A Permanent Injunction Should Be Entered ........................................ 6

        B.      Chanel is Entitled to an Award of Statutory Damages. ....................... 7

        C.      Chanel is Entitled to Enhanced Statutory Damages Based
                upon Defendant's  Willful Counterfeiting ............................................ 7

        D.      Chanel's Damages for Count II ........................................................... 13

        E.      Attorneys' Fees Should be Awarded .................................................... 13

        F.      Costs Should Be Awarded ................................................................... 14

IV.     CONCLUSION ............................................................................................................ 14

i

TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*,
  944 F.2d 1446; 19 U.S.P.Q.2d 1491 (9th Cir. 1991).................................................. 9

*Aris Isotoner, Inc. v. Dong Jin Trading Co.*,
  17 U.S.P.Q.2d 1017 (S.D.N.Y. 1989) ..................................................................... 8

*Brand v. NCC Corp.*,
  540 F. Supp. 562 (E.D. Pa. 1982)........................................................................... 8

*Entrepreneur Media, Inc. v. Smith*,
  279 F.3d 1135 (9th Cir. 2002) ................................................................................ 3

*Fila U.S.A. v. RunRun Trading Co.*, No. 95-7144,
  1996 U.S. Dist. LEXIS 6893 (S.D.N.Y. 1996)..................................................... 14

*Fleischmann Distilling Corp. v. Maier Brewing Co.*,
  314 F.2d 149 (9th Cir. 1963), *cert. denied*,
  374 F. 830, 83 S.Ct. 1870, 10 L.Ed.2d 1053 ......................................................... 9

*Harris v. Emus Records Corp.*,
  734 F.2d 1329 (9th Cir. 1984) ................................................................................ 8

*H-D Michigan, Inc. v. Biker's Dream, Inc.*,
   48 U.S.P.Q.2d 1108 (C.D. Cal. 1998) ................................................................... 8

*Interstellar Starship Services, Ltd. v. Epix, Inc.*,
  184 F.3d 1107 (9th Cir. 1999), *cert. denied*,
  528 U.S. 1155, 120 S.Ct. 1161, 145 L. Ed.2d 1073 (2000............................... 9

*Lang v. Retirement Living Pub. Co. Inc.*,
  949 F.2d 576, 583 (2d Cir. 1981). ........................................................................ 10

*Louis Vuitton S.A., v. Downtown Luggage Center*,
  706 F. Supp. 839 (S.D. Fla. 1988)........................................................................ 14

*Maier Brewing Co. v. Fleischmann Distilling Corp.*,
  390 F.2d 117 (9th Cir. 1968) ................................................................................. 7

ii

*Metro Pub., Ltd. v. San Jose Mercury News,*
    987 F.2d 637 (9th Cir. 1993). ................................................................................ 7

*Nabisco, Inc. v. PF Brands, Inc.*,
    191 F.3d 208, 218 (2d Cir. 1999). ......................................................................... 11

*New York Racing Ass'n v. Stroup News Agency Corp.,*
    920 F. Supp. 295 (N.D.N.Y. 1996) ......................................................................... 8

*Official Airline Guides, Inc. v. Goss,*
    6 F.3d 1385 (9th Cir. 1993) ..................................................................................... 9

*Pepsico, Inc. v. Triunfo-Mex, Inc.,*
    189 F.R.D. 431 (C.D. Cal. 1999) ........................................................................... 13

*Phillip Morris U.S.A. Inc. v. Castworld Prods. Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003) ............................................................................. 5

*Phillip Morris USA, Inc. v. Liu,*
    489 F. Supp.2d 1119 (C.D. Cal. 2007 ................................................................... 12

*Rodeo Collection, Ltd. v. West Seventh,*
    812 F.2d 1215 (9th Cir. 1987) ................................................................................. 6

*Rolex Watch USA, Inc. v. Jones,*
    2000 W.L. 1528263 (S.D.N.Y. Oct. 13, 2000)) ................................................. 10, 11

*Sara Lee Corp. v. Bags of New York, Inc.,*
    36 F. Supp. 2d 161 (S.D.N.Y. 1999) ................................................................... 6, 8

*See Malaytex USA Inc. v. Colonial Surgical Supply Inc.,*
    44 U.S.P.Q.2D (BNA) 1291 (N.D. Cal. 1997) ........................................................ 6

*Televideo Systems, Inc. v. Heidenthal,*
    826 F.2d 915 (9th Cir. 1987) ................................................................................... 5

*Transgo, Inc. v. AJAC Transmission Parts Inc.,*
    768 F.2d 1001 (9th Cir. 1985), *cert. denied,*
    474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 ....................................................... 9

**Statutes**

15 U.S.C. § 1116 .......................................................................................................... 6

15 U.S.C. § 1117 ........................................................................................................ 13

iii

15 U.S.C. § 1117(a) ................................................................................................. 1

15 U.S.C. § 1117(c) ............................................................................................. 1, 7

15 U.S.C. § 1117(c)(2) ....................................................................................... 7, 12

15 U.S.C. § 1121 ..................................................................................................... 1

15 U.S.C. § 1125(a) .............................................................................................. 13

15 U.S.C. § 1125(c) ................................................................................................ 3

28 U.S.C. § 1331 ..................................................................................................... 1

28 U.S.C. § 1332 ..................................................................................................... 1

28 U.S.C. § 1391 ..................................................................................................... 2

28 U.S.C. §1338(a) ................................................................................................. 1

FED. R. CIV. P. 55 ..................................................................................................... 2

iv

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that on July 25, 2008 at 9:30 a.m., or as soon thereafter as the

3    matter may be heard, in Courtroom 10, 19th Floor, 450 Golden Gate Ave., San Francisco,

4    California, before the Honorable Susan Illston, Plaintiff Chanel, Inc. ("Chanel") will and hereby

5    does move the Court, pursuant to Federal Rule of Civil Procedure 55, for an Order Granting a

6    Default Judgment against defendant Seoung Hyun Kim ("Defendant").

7    The motion is based upon this notice, the accompanying memorandum of points and

8    authorities, the attached declarations and exhibits thereto and such other matters as we may call to

9    the Court's attention at or before the time of the hearing.  Defendant has been duly noticed of this

10   motion and the hearing date.

11

12   Dated:  June 2, 2008                               KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

13

14

15   By: _____/s/_____
                         Kenneth E. Keller
16                       Attorneys for Plaintiff CHANEL, INC.

17

18

19

20

21

22

23

24

25

26                                              1

27   PLAINTIFF CHANEL, INC.'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
                        AGAINST SEOUNG HYUN KIM
28                      CASE NO.:  C07-05641 SI

# I.    INTRODUCTION

Plaintiff Chanel, Inc., a New York corporation ("Chanel") hereby moves for Entry of Final Default Judgment against Defendant Seoung Hyun Kim a/k/a Bailey Kim d/b/a, Swisswatchfactory.com d/b/a Swiss Watch Factory d/b/a Neoline Group d/b/a Thealamedaway@aol.com d/b/a Neoline Inc d/b/a Swisswatchcraft.com d/b/a Ohmywatch.com ("Kim").  The motion is based upon this notice, the accompanying memorandum of points and authorities, and such other matters as we may call to the Court's attention at or before the time of the hearing.  Defendant has been duly noticed of the filing of this Motion, and will be noticed with the hearing upon scheduling.

Chanel prays that such Final Default Judgment include, *inter alia,* (1) injunctive relief against future infringement of Chanel's intellectual property rights; (2) statutory damages for trademark counterfeiting; (3) attorney's fees; and (4) costs of suit.  The Defendant is in default, and the prerequisites for a default judgment have been met.  Accordingly, Chanel is entitled to entry of a permanent injunction against the Defendant to prevent further violations of Chanel's trademark rights as set forth below.  Moreover, because the Defendant is in default, she has denied Chanel access to evidence necessary to establish the amount of actual damages or the amount of her profits.  This Court, however, is empowered to award statutory damages to Chanel for the Defendant's willful counterfeiting within the $500.00 to $1,000,000.00 range pursuant to 15 U.S.C. § 1117(c).  Finally, Chanel should recover its attorney and investigative fees pursuant to 15 U.S.C. § 1117(a).  An award of such fees is appropriate because the Defendant engaged in her counterfeiting activities willfully and maliciously, and in order to stop the Defendant's counterfeiting activity, Chanel was required to engage investigators and counsel to commence this legal action against the Defendant.

PLAINTIFF CHANEL, INC.'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AGAINST SEOUNG HYUN KIM
CASE NO.:  C07-05641 SI

## II.    CHANEL IS ENTITLED TO JUDGMENT AGAINST DEFENDANT

### A.    Default Is Proper.

This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338(a).  Venue in this Judicial District is proper under 28 U.S.C. § 1391 as the underlying wrongful activities involved in this case occurred in this Judicial District.

This action was initiated against the Defendant by Chanel on November 6, 2007, through the filing of a Complaint for federal trademark counterfeiting and infringement (Count I), and federal false designation of origin (Count II).  (DE 1).  The Defendant was served with copies of the Summons and the Complaint on January 11, 2008 by substitute service.  *See* Declaration of Kenneth E. Keller ("Keller Decl.") ¶ 3 attached hereto as Exhibit "A."  Accordingly, the Defendant was required to answer the Complaint on or before January 31, 2008.  *See* Keller Decl. ¶ 4.  As of the date of this Motion, Chanel has not received an Answer from the Defendant, nor has any extension of time in which to answer or otherwise respond to the Complaint been granted. *See* Keller Decl. ¶ 6.   To Chanel's knowledge, the Defendant is not in the military and is neither an infant, nor an incompetent.  *See* Keller Decl. ¶ 5; Declaration of Jason Holmes ¶ 4 attached hereto as Exhibit "B."  On February 19, 2008, Chanel filed its Motion for Entry of Default against the Defendant.  (DE 9), and the Clerk entered default against Kim on February 21, 2008 (DE 11).

The Complaint, Pleadings, and Declarations filed in support of this Motion clearly support a finding that the Defendant violated Chanel's rights under the Lanham Act.  Accordingly, Default Judgment pursuant to FED. R. CIV. P. 55 should be entered against the Defendant.

### B.    Chanel's Rights.

Chanel is a corporate entity duly organized and existing under the laws of the State of New York, with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019.  *See* Declaration of Adrienne Hahn Sisbarro ("Hahn Decl.") ¶1 attached hereto as Exhibit "C."   Chanel designs and markets a wide range of luxury goods,

2

1    including watches which are sold throughout the United States and worldwide. *See* Hahn Decl. ¶5.

2        Chanel is, and at all times relevant hereto has been, the owner of the following federally

3    registered trademarks:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| CHANEL | 0,955,074 | March 13, 1973 |
| CHANEL | 1.571,787 | December 19, 1989 |
| J12 | 2,559,772 | April 9, 2002 |
| CHANEL | 1,238,001 | May 17, 1983 |
| CHANEL | 3,133,139 | August 22, 2006 |

10    which are registered in International Class 14 and are used in connection with manufacture and

11    distribution of, among other things, high quality watches (the "Chanel Marks"). *See* Hahn Decl. ¶

12    4 and true and correct copies of the Chanel Registrations at issue in this proceeding attached hereto

13    as Composite Exhibit "D." Chanel regularly enforces its trademark rights and authorized that this

14    action be brought in its name. *See* Hahn Decl. ¶ 6.

15        The Chanel Marks have never been assigned or licensed to the Defendant. *See* Hahn Decl.

16    ¶8. The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never

17    been abandoned. *See* Hahn Decl. ¶7. Chanel has expended substantial time, money, and other

18    resources developing, advertising, and otherwise promoting the Chanel Marks. *See* Hahn Decl. ¶

19    5. As such, the Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)

20    (1). Further, Chanel has carefully monitored and policed the use of the Chanel Marks. *See* Hahn

21    Decl. ¶ 6. As a result of Chanel's efforts, members of the consuming public readily identify

22    merchandise bearing the Chanel Marks as being high quality merchandise sponsored and approved

23    by Chanel. *See* Hahn Decl. ¶6. Accordingly, the Chanel Marks have achieved secondary meaning

24    as identifiers of high quality watches and other goods.[1] *See* Hahn Decl. ¶ 6.

---

[1]  The Chanel Marks herein are incontestable, excluding Registration No. 3,133,139 for CHANEL

---

PLAINTIFF CHANEL, INC.'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AGAINST SEOUNG HYUN KIM
CASE NO.:  C07-05641 SI

### C.     Defendant's Infringing Acts.

As alleged by Chanel, admitted by default, and established by the evidence submitted herewith, Defendant Kim, an individual, is the owner and operator of the Internet website Swisswatchfactory.com and is the active, conscious, and dominant force behind the sale of watches bearing counterfeits of the Chanel Marks.

Further, as admitted by the Defendant through default, at all times relevant, the Defendant had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license the trademarks and goodwill associated therewith.  The Defendant does not have, nor has she ever had, the right or authority to use the Chanel Marks for any purpose.  *See* Hahn Decl. ¶8.  However, despite her known lack of authority to do so, the Defendant has been advertising, offering for sale and selling at least watches bearing counterfeit marks which are identical to the registered Chanel Marks via the Internet websites Swisswatchfactory.com and Swisswatchcraft.com.[2]  *See* Hahn Decl. ¶¶9-11; Declaration of Robert Holmes ("Holmes Decl.") ¶¶5-8 and 12 attached hereto as Exhibit "E;" and true and correct printouts from the Defendant's SwissWatchFactory.com website attached hereto as Composite Exhibit "F."

Chanel's evidence demonstrates the Defendant is engaged in the fraudulent promotion, advertisement, distribution, and sale of counterfeit Chanel goods.  That Defendant sold counterfeit Chanel goods is confirmed by Defendant's admissions and Chanel's investigation of the Defendant.  In or about March, 2007, as part of its ongoing investigation regarding the sale of counterfeit Chanel products, Chanel retained Robert Holmes of IPCyberCrime.com, LLC, formerly, the Holmes Detective Agency, to investigate the sale of counterfeit products by Defendant.  *See* Hahn Decl. ¶9.  In or about March, 2007, Investigator Holmes accessed the

---

registered on August 22, 2006, and therefore are conclusively presumed to have secondary meaning. *See Entrepreneur Media, Inc. v. Smith,* 279 F.3d 1135, 1142 n. 3 (9th Cir. 2002).

[2]  As noted in the Holmes Decl. the Defendant's website SwissWatchCraft.com website was set up to simply forward to the Defendant's SwissWatchFactory.com website.

---

PLAINTIFF CHANEL, INC.'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AGAINST SEOUNG HYUN KIM
CASE NO.:  C07-05641 SI

1  Internet website operating under the domain name Swisswatchfactory.com and placed an order for

2  the purchase of a watch bearing the Chanel Marks at issue in this action for $699.00, including

3  shipping.  *See* Holmes Decl. ¶5.  Payment was made via Paypal and the payee was identified as

4  "Neoline Group; Easycraigslist.com; thealamedaway@yahoo.com; (213) 268-0754.  *See* Holmes

5  Decl. ¶6.  The payee telephone number, (213) 268-0754 is registered to Bailey Kim, and Neoline,

6  Inc. is a business entity which identifies Bailey Kim[3] as its CEO on the business-to-business listing

7  on Tradenote.net.  *See* Holmes Decl. ¶¶9-11, and Composite Exhibits "3" and "4" attached thereto.

8  On May 8, 2007, Investigator Holmes received the watch he purchased from the Defendant via

9  UPS.  *See* Holmes Decl. ¶7 and Composite Exhibit "2" attached thereto.  The watch bearing the

10  Chanel Marks purchased by Investigator Holmes from Kim through her SwissWatchFactory.com

11  website was turned over to Chanel for analysis together with a Chain of Custody, a copy of the

12  outer packaging, and a copy of the invoice.  *See* Hahn Decl. ¶9; Holmes Decl. ¶8 and Composite

13  Exhibit "2" attached thereto.   The watch Investigator Holmes purchased from the Defendant was

14  inspected by a representative of Chanel, Adrienne Hahn Sisbarro, who is familiar with Chanel's

15  genuine goods and trained to detect counterfeits, and was determined to be non-genuine.  *See* Hahn

16  Decl. ¶¶10-11, and Holmes Decl. ¶8.

17  ### III.    CHANEL IS ENTITLED TO THE RELIEF REQUESTED

18       Upon entry of default, the well-pled factual allegations of Plaintiff's Complaint (other than

19  those related to damages) will be taken as true.  *Phillip Morris U.S.A. Inc. v. Castworld Prods.*

20  *Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (*citing Televideo Systems, Inc. v. Heidenthal*, 826 F.2d

21  915, 917 (9th Cir. 1987)).  The Defendant is deemed to have admitted, upon default, all well-pled

22

23  [3] On August 5, 2007, Holmes placed a call to (408) 247-0462, the Defendant's home telephone

24  number, and asked to speak with "Bailey."  The unidentified female that answered the call advised that "Bailey" was not in.  Holmes then requested to speak to Seoung Hyun Kim, the named

25  Defendant in this matter, and was advised that "Seoung" and "Bailey" were the same person.  *See* Holmes Decl. ¶14.

26

27  PLAINTIFF CHANEL, INC.'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AGAINST SEOUNG HYUN KIM

28  CASE NO.:  C07-05641 SI

1    allegations in the Complaint.  *Id.*  As such, the Defendant's failure to respond to the allegations of

2    the Complaint in this action establishes her liability under each of the claims asserted in the

3    Complaint.  *Id.*  The issuance of a permanent injunction, an award of monetary damages, and the

4    recovery of attorney's fees and costs are the proper subjects of a default judgment for violations of

5    the Lanham Act.  *Chanel v. Doan*, slip op. No. C 05-03464 at 1 (N.D. Cal. March 13, 2007); *Sara*

6    *Lee Corp. v. Bags of New York, Inc*., 36 F. Supp. 2d 161, 162 (S.D.N.Y. 1999).

7        **A.    A Permanent Injunction Should Be Entered.**

8        Injunctive and other equitable relief may be granted in accordance with the principles of

9    equity to prevent violations of trademark laws, 15 U.S.C. § 1116.   This Court should permanently

10   enjoin the Defendant from infringing any of Chanel's intellectual property rights, including the

11   Chanel Marks.  The risk of continuing infringement is likely, owing to strong consumer demand

12   for Chanel's products.  Granting a broad permanent injunction is therefore warranted.

13       The Defendant's goods are of a different quality than Chanel's genuine goods. *See* Hahn

14   Decl. ¶11.  As such, Chanel will continue to suffer irreparable injury to its reputation and goodwill

15   for as long as the Defendant is allowed to continue her counterfeiting and infringing activities. *See*

16   Hahn Decl. ¶12.  An award of money damages alone will not cure the injury to Chanel's reputation

17   caused by the Defendant's infringing actions.  Further, a likelihood of confusion exists herein since

18   the Defendant is engaged in counterfeiting activities using spurious designations which are

19   substantially indistinguishable from Plaintiff's actual Chanel Marks.  As the Ninth Circuit has

20   expressed it: "[O]nce the Plaintiff in an infringement action has established a likelihood of

21   confusion, it is ordinarily presumed that the Plaintiff will suffer irreparable harm if injunctive relief

22   does not issue*." Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1220 (9th Cir. 1987).

23   Such a finding of irreparable injury following a showing of likelihood of confusion is virtually

24   always made in a case such as this, where the Plaintiff has demonstrated that it will lose control of

25   its reputation as a result of the Defendant's activities. *See Malaytex USA Inc. v. Colonial Surgical*

6

27

28

*Supply Inc.*, 44 U.S.P.Q.2D (BNA) 1291, 1295 (N.D. Cal. 1997) ("[O]nce the plaintiff has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted.  In the instant case, the plaintiff will suffer irreparable injury in the form of loss of valuable goodwill and reputation"); *see also Metro Pub., Ltd. v. San Jose Mercury News,* 987 F.2d 637, 640 (9th Cir. 1993).

In this action, the Defendant's continuing complete disregard for Chanel's rights and her failure to respond to this litigation likewise warrant the issuance of a broad permanent injunction against infringement of any of Chanel's intellectual property rights, including those at issue in this case.

**B.    Chanel is Entitled to an Award of Statutory Damages.**

As alleged in the Complaint (and admitted by the Defendant's failure to respond to the Complaint) and confirmed in the Declarations filed in this action, the watches imported, distributed, advertised, sold and/or offered for sale by the Defendant bore counterfeits of the Chanel Marks.  *See* Hahn Decl. ¶10-11, and Holmes Decl. ¶8.  In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $500.00 nor more than $100,000.00 per counterfeit mark per type of goods.  In addition, if the Court finds a defendant's counterfeiting actions were willful, then it may impose damages above the maximum limit up to $1,000,000.00 per mark per type of goods.  15 U.S.C. § 1117(c)(2).  Pursuant to 15 U.S.C. § 1117(c), Chanel elects to recover an award of statutory damages as to Count I of the Complaint.

**C.    Chanel is Entitled to Enhanced Statutory Damages Based upon Defendant's Willful Counterfeiting.**

The Court has wide discretion to set an amount of statutory damages. *Maier Brewing Co. v. Fleischmann Distilling Corp.,* 390 F.2d 117, 124 (9th Cir. 1968), *cert. denied* 391 U.S. 966, 88

7

S.Ct. 2037, 20 L.Ed.2d 879, 157 U.S.P.Q. 720 (1968). "To calculate statutory damages under the Lanham Act, many district courts turn to the analysis developed for a similar provision within the Copyright Act." *Chanel v. Doan*, slip op. No. C 05-03464 at 5; *see also Sara Lee Corp.,* 36 F. Supp.2d at 166-67 (collecting cases, analogizing the Copyright Act statutory damages, and describing the breadth of court discretion in awarding statutory damages under the Lanham Act); *see also Harris v. Emus Records Corp*., 734 F.2d 1329, 1335 (9th Cir. 1984) (concluding that the court's discretion in setting the amount of copyright statutory damages is "wide," constrained only by the specified maxima and minima."); *Peer Int'l. v. Pausa Records,* 909 F.2d 1332, 1336-37 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991) (upholding award of maximum statutory damages where copyright infringement was willful). Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See e.g.,* S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages.)    This case is no exception.

In most cases, the only way for plaintiff to find out what the infringer's gross sales have been is from the infringer itself in discovery. Any doubts about the actual amount of gross sales or profits will be resolved against the infringing party. *See H-D Michigan, Inc. v. Biker's Dream, Inc.,* 48 U.S.P.Q.2d 1108, 1115 (C.D. Cal. 1998) (where infringer's cost data is "incomplete and contradictory," court refuses to guess and finds that infringer failed to prove any cost deductions); *see also Aris Isotoner, Inc. v. Dong Jin Trading Co.,* 17 U.S.P.Q.2d 1017, 1022 (S.D.N.Y. 1989) (finding where the infringer fails to provide satisfactory evidence of its actual sales volume, the court may rely on indirect or circumstantial evidence and extrapolate sales from that other evidence); *Brand v. NCC Corp.,* 540 F. Supp. 562, 565 (E.D. Pa. 1982) (defendant made no attempt to prove any cost deductions and "profits" were based upon gross sales revenues); *New York Racing Ass'n v. Stroup News Agency Corp.,* 920 F. Supp. 295, 301 (N.D.N.Y. 1996) (when

8

plaintiff proves gross sales and the infringer fails to prove cost deductions, "then the profits to which the plaintiff is entitled under the Lanham Act are equal to the infringer's gross sales"). Since the Defendant herein has refused to participate in this litigation, Chanel has been deprived of the ability to obtain discovery from her regarding her true sales figures.   However, the direct and circumstantial evidence available demonstrates the Defendant advertised, offered for sale, and/or sold watches bearing counterfeits of various Chanel Marks which are protected by five (5) federal trademark registrations owned by Chanel.   *See* Composite Exhibit "D;" Hahn Decl. ¶¶10-11; Holmes Decl. ¶¶5-8 and Composite Exhibit "2" attached thereto.

The Chanel Marks counterfeited are renowned worldwide as identifiers of high quality merchandise.  *See* Hahn Decl. ¶6.  That Defendant sold goods using marks which are identical to such strong marks shows her desire and purpose to trade upon Chanel's goodwill.  *Transgo, Inc. v. AJAC Transmission Parts Inc.,* 768 F.2d 1001, 1016 (9th Cir. 1985), *cert. denied*, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778; *Fleischmann Distilling Corp. v. Maier Brewing Co*., 314 F.2d 149, 158 (9th Cir. 1963), *cert. denied*, 374 U.S. 830, 83 S.Ct. 1870, 10 L.Ed.2d 1053.  "The Ninth Circuit has held that when an alleged infringer knowingly adopts a Mark similar to another's, courts will presume an intent to deceive the public."  *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993).  Indeed, in a case of clear-cut copying such as this, it is appropriate to presume the Defendant intended to cause confusion and benefit from the Plaintiff's reputation, to the detriment of the Plaintiff.  *Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc*., 944 F.2d 1446, 1456; 19 U.S.P.Q.2d 1491, 1499 (9th Cir. 1991); *Interstellar Starship Services, Ltd. v. Epix, Inc.,* 184 F.3d 1107, 1111 (9th Cir. 1999), *cert. denied*, 528 U.S. 1155, 120 S.Ct. 1161, 145 L. Ed.2d 1073 (2000) ("Adopting a designation with knowledge of its trademark status permits a presumption of intent to deceive. . . In turn, intent to deceive is strong evidence of a likelihood of confusion.").

PLAINTIFF CHANEL, INC.'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AGAINST SEOUNG HYUN KIM
CASE NO.:  C07-05641 SI

The evidence establishes the Defendant is a willful counterfeiter who has no respect for intellectual property laws or for Chanel's rights.  The Defendant clearly copied the Chanel Marks intentionally for the purpose of deriving the benefit of Chanel's world-famous reputation.  Notably, the Defendant identified her Chanel branded goods as "Replica" on her website SwissWatchFactory.com.     Specifically, in the FAQ's section of her SwissWatchFactory.com website, the Defendant stated as follows:

> Subject:       What is a replica watch and how is it different from the real watches?
>
> A replica watch is a watch made similar to that of the real brand ones, except, at a much lower cost.   A real Rolex can go up to hundreds of thousands of dollars, but you can get a replica similar to that one, for only a few hundred dollars.  This allows the normal everyday person to be able to look and feel classy, without having to actually spend such ridiculous amounts of money on it.

*See* FAQ's section of Defendant's website SwissWatchFactory.com attached hereto as Exhibit "F" at Pg. 22.  By use of the term "replica," the Defendant acknowledged her goods bearing the Chanel Marks were not genuine.  Other courts have considered the effect of disclaiming goods as "replicas" and found the use of such a disclaimer to be evidence of bad faith and illustrative of the intent to capitalize on the value and renown of the Plaintiff's Marks.  *See e.g. Chanel, Inc., et al. v. Marcos Barreto et al.,* Case No. 2:06-cv-02768-SVW-RC (C.D. Cal. 2006) ("Defendants' 'bad faith is manifest' where the products are marketed as 'replicas.'" citing *Rolex Watch USA, Inc. v. Jones*, 2000 W.L. 1528263, at *3 (S.D.N.Y. Oct. 13, 2000)).   In *Rolex Watch USA, Inc. v. Jones*, No. 99 Civ. 2359 (DLC), 2000 W.L. 1528263, at *3 (S.D.N.Y. Oct. 13, 2000), the court discussed how defendants' use of disclaimer language contributed to the overall findings of intent and likelihood of confusion.  The Honorable Judge Cote held as follows:

> Moreover, Jones' bad faith is manifest.  Jones' websites show that Jones markets his products as replicas of the Plaintiff's products.  Jones undeniably "adopted [his] mark[s] with the intention of capitalizing on Plaintiff[s]' reputation and goodwill

10

and any confusion between his and the senior user[s] product[s]."  Lang v. Retirement Living Pub. Co. Inc., 949 F.2d 576, 583 (2d Cir. 1981).

Footnote 1 – the fact that Jones' websites contain a disclaimer stating that his products are replicas, and that "[by] purchasing one of these replicas by [sic] agrees not to sell or represent them as genuine," is not evidence of good faith, as Jones clearly sought to capitalize on the value and renown of the Plaintiff's marks.  It also does not diminish the likelihood of confusion.  Likelihood of confusion does not focus solely on the party purchasing a product from the defendant; "post-sale confusion as well as point-of-sale confusion [is] actionable under the Lanham Act." Nabisco, Inc. v. PF Brands, Inc., 191 F.3d 208, 218 (2d Cir. 1999).

Rolex Watch USA, Inc. v. Jones, No. 99 Civ. 2359 (DLC), 2000 W.L. 1528263, at *3.

In any event, the Defendant defaulted on Chanel's allegations of willfulness.  See Complaint at ¶23 (DE 1).  As such, the Court should award a significant amount of statutory damages available under the Lanham Act to ensure that the Defendant does not continue her intentional and willful counterfeiting and infringing activities.

As noted above, the only available evidence demonstrates the Defendant distributed, advertised, offered for sale, and/or sold watches bearing counterfeits of various Chanel Marks which are protected by five (5) federal trademark registrations owned by Chanel.  See Exhibit "F;" Hahn Decl. ¶¶10-11, Holmes Decl ¶¶5-8, and Composite Exhibit "2" attached thereto.

Based on the evidence, Chanel respectfully suggests the Court could start with a baseline statutory award of $2,100.00,[4] treble it to reflect the Defendant's willfulness, and then double the product for the purpose of deterrence. The result would be $12,600.00 per registered Chanel Mark counterfeited (5) per type of goods sold (1 - watches), for a total award of amount $63,000.00 in

---

[4]  Chanel's baseline statutory damage award request was calculated by totaling the sales prices of the counterfeit Chanel branded watches offered for sale by the Defendant through her SwissWatchFactory.com website on two separate dates, March 19, 2007 and August 27, 2007, and dividing by the number of watches to arrive at an average price.  See Pages 1 and 69 of the printout of the Defendant's SwissWatchFactory.com website attached hereto as Composite Exhibit "F." The Defendant sold her counterfeit Chanel products for nearly $700 per watch (See Holmes Decl. ¶¶5-8 and Composite Exhibit "2" attached thereto), and began selling her counterfeit Chanel branded watches as early as December 19, 2006 (See WHOIS report attached as Exhibit "1" to Holmes Decl.).

11

1   statutory damages.  Chanel believes that amount fairly achieves the statutory goals of

2   compensation and punishment.

3           The requested damage amount is at the low end of the statutory range prescribed by 15

4   U.S.C. § 1117(c)(2) and is appropriate based on the Defendant's extensive and willful

5   counterfeiting of the Chanel Marks.[5]   Chanel submits that  the award requested herein should be

6   sufficient to deter the Defendant and others from continuing to counterfeit or otherwise infringe

7   Chanel's trademarks, compensate Chanel, and punish the Defendant, all stated goals of 17 U.S.C. §

8   1117 (c).  *See Sara Lee Corp.,* 36 F. Supp. 2d at 165.     The Plaintiff's damage request is well

9   below the statutory maximum and reasonable in light of the sales price of the items being sold by

10  the Defendant, and the length of time the Defendant was in operation.

11          The award should be sufficient to deter Kim and others from continuing to counterfeit or

12  otherwise infringe Chanel's trademarks, compensate Chanel, and punish Kim all stated goals of 15

13  U.S.C. § 1117(c).  Joint Statement of Trademark Counterfeiting Legislation, H.R.J. Res. 648, 98th

14  Cong., 2nd Sess., 130 Cong.Rec. H12076, H12083; *Phillip Morris USA, Inc. v. Liu,* 489 F.

15  Supp.2d 1119, 1123-24, (C.D. Cal. 2007) (awarding plaintiff $1,000,000.00 per mark infringed

16  "based on the need (1) to deter defendant, and other counterfeiters, from violating plaintiff's valid

17  trademarks, (2) to compensate plaintiff for the damage caused by defendant's actions, and (3) to

18  punish defendant for his willful violation of plaintiff's trademarks").

19          Other courts have granted statutory damages under the Lanham Act at a level similar to or

20  greater than Chanel's requests herein.  *See, e.g., Chanel, Inc. v. Jatinder P Singh,* Case No. 2:05-

21  cv-04749-CAS-PJW (C.D. Cal 2005)(awarding $5,279,898.00); *Chanel, Inc. v. Hugo Rios,* Case

22  No. CV-03-273-RSWL(PJW) (C.D. Cal. 2003) (awarding $750,000.00); *Sara Lee Corp.,* 36

23  F. Supp.2d at 170 (awarding $750,000.00).  Plaintiff's request is reasonable.

24  _____

25  [5] Under §1117(c)(2), the Court is authorized to award a prevailing Plaintiff up to $1,000,000.00 per mark infringed per type of goods.

26                                          12
   _____

**D.     Chanel's Damages for Count II.**

In addition to federal trademark counterfeiting and infringement (Count I), Chanel's Complaint also set forth a cause of action for False Designation of Origin pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II). As to Count II, the allowable scope of monetary damages mirrors that as to Count I pursuant to 15 U.S.C. § 1117. Since Chanel is not entitled to double recovery on its claims, judgment on Count II should be limited to entry of the requested permanent injunction.

**E.     Attorneys' Fees Should be Awarded.**

Chanel is entitled to recovery of reasonable attorneys' fees incurred pursuant to 15 U.S.C. § 1117(a) because as described in detail above, Defendant's infringement was engaged in deliberately and willfully and with the intent of trading off Plaintiff's reputation and goodwill. *See Pepsico, Inc. v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D. Cal. 1999) ("Section 1117(a) also allows for an award of attorneys' fees in connection with Lanham Act violations provided that exceptional circumstances are present. Exceptional circumstances exist in this matter due to defendant's deliberate and willful conduct").

Chanel's counsel spent approximately 25.2 hours of time in this case in connection with investigative oversight and litigation. *See* Keller Decl. ¶8; Declaration of Stephen M. Gaffigan ("Gaffigan Decl.") ¶4 attached hereto as Exhibit "G." All attorney time in this matter relates to the gathering of information, the preparation of documents and pleadings, and other litigation related expenses. *See* Gaffigan Decl. ¶6; Keller Decl. ¶ 11. Chanel's counsel charged the rates of $350.00 and $ 500.00 per hour for their services. *See* Gaffigan Decl. ¶4; Keller Decl. ¶9. These rates are either equal to or less than the prevailing market rates for comparable services in California, where this action was filed. *See id.* Attorneys' fees incurred in this matter total $9,137.50. *See* Gaffigan Decl. ¶6; *See* Keller Decl. ¶8. Chanel's counsel made every reasonable effort to minimize hours spent on the case, and the fee requested is equal to or below the amount spent on similar past cases.

13

*See* Gaffigan Decl. ¶6; Keller Decl. ¶11.  The fee is also reasonable in light of the extent of the Defendant's conduct.  Moreover, the fee is reasonable in light of the fact that the legal services in this case were performed by experienced intellectual property litigators.  *See* Gaffigan Decl. ¶7; Keller Decl. ¶6.

As part of an attorneys' fees award, Plaintiff may also recover reasonable investigative fees, as long as the investigator acted under the direction of an attorney.  *See Chanel v. Doan*, slip op. No. C 05-03464 at 19-20; *Fila U.S.A. v. RunRun Trading Co.,* No. 95-7144, 1996 U.S. Dist. LEXIS 6893, at * 11 (S.D.N.Y. 1996); *Louis Vuitton S.A., v. Downtown Luggage Center*, 706 F. Supp. 839, 842 (S.D. Fla. 1988); *see also* the Joint Statement on Trademark Counterfeiting Legislation, which expressly provides that to the extent that an investigator acts under the direction of an attorney, his or her fees may be recovered by a prevailing plaintiff as part of an award of attorney's fees. 130 CONG. REC. H12083 (October 10, 1984).  Chanel requests the Court award incurred investigative charges in the total amount of $1,399.99 which were necessary to uncover information regarding the Defendant's illicit activities. *See* Holmes Decl. ¶15.

### F.    Costs Should Be Awarded.

Chanel also requests that this Court award costs in the total amount of $425.00.  *See* Gaffigan Decl. ¶¶9-10.  These costs consist of the following:

| | |
|---|---|
| Filing Fee: | $ 350.00 |
| Process Server Fee for Kim:[6] | $ 75.00 |

### IV.    CONCLUSION

For the foregoing reasons, Chanel respectfully requests the Court:

(1)    Enter Final Default Judgment finding Defendant Seoung Hyun Kim a/k/a Bailey Kim d/b/a, Swisswatchfactory.Com d/b/a Swiss Watch Factory d/b/a Neoline Group

---

[6]  A true and correct copy of the invoice issued by PFI Serves, the process service company utilized by the Plaintiff, is attached to the Gaffigan Decl. as Exhibit "1."

14

1     d/b/a Thealamedaway@Aol.Com d/b/a Neoline Inc d/b/a Swisswatchcraft.Com

2     d/b/a Ohmywatch.Com liable on all Counts of the Complaint;

3     (2)    Enter a permanent injunction against Kim;

4     (3)    Award Chanel $63,000.00 in statutory damages against Kim, pursuant to 15 U.S.C.

5            § 1117(c);

6     (4)    Award Chanel $9,137.50 in reasonable attorney's fees against Kim, pursuant to 15

7            U.S.C. § 1117(a);

8     (5)    Award Chanel $1,399.99 in reasonable investigative fees against Kim, pursuant to

9            15 U.S.C. § 1117(a); and,

10    (6)    Award Chanel costs in the amount of $425.00 against Kim, pursuant to 15 U.S.C. §

11           1117(a).

Dated:  June 2, 2008                          KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

                                    By:  _____/s/_____
                                         KENNETH E. KELLER
                                         Attorneys for Plaintiff CHANEL, INC.

15