# EXHIBIT C

```
Kenneth R. Keller (State Bar No. 71450)
Christopher T. Holland (State Bar No. 164053)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN, LLP
114 Sansome Streeet, Suite 400
San Francisco, California 94104-3898
Telephone:  (415) 249-8330
Facsimile:   (415) 249-8333
E-mail: kkeller@kksrr.com
E-mail: cholland@kksrr.com
```

Attorneys for Plaintiff
CHANEL, INC., a New York Corporation

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEOUNG HYUN KIM a/k/a BAILEY KIM and HARRISON Y. CHANG a/k/a HARRY CHANG, individually and jointly d/b/a, SWISSWATCHFACTORY.COM d/b/a SWISS WATCH FACTORY d/b/a NEOLINE GROUP d/b/a THEALAMEDAWAY@AOL.COM d/b/a NEOLINE INC d/b/a SWISSWATCHCRAFT.COM d/b/a OHMYWATCH.COM, and DOES 1-10,<br><br>　　　　Defendants. | Case No. CV 07-03592-EMC<br><br>**DECLARATION OF ADRIENNE HAHN SISBARRO IN SUPPORT OF CHANEL, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST SEOUNG HYUN KIM a/k/a BAILEY KIM d/b/a, SWISSWATCHFACTORY.COM d/b/a SWISS WATCH FACTORY d/b/a NEOLINE GROUP d/b/a THEALAMEDAWAY@AOL.COM d/b/a NEOLINE INC d/b/a SWISSWATCHCRAFT.COM d/b/a OHMYWATCH.COM.** |

I, Adrienne Hahn Sisbarro, declare and state as follows:

1.　　I am employed by Chanel, Inc. ("Chanel") as Director, Legal Administration. I have been so employed since 1988. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of

business in the United States located at Nine West 57th Street, New York, New York 10019.

1. I am over 18 years of age and have personal knowledge of the facts set forth herein and, if called upon to do so, I could and would competently testify to the following facts in support of Plaintiff's Motion for Entry of Default Judgment against Defendant Seoung Hyun Kim a/k/a Bailey Kim d/b/a, Swisswatchfactory.com d/b/a Swiss Watch Factory d/b/a Neoline Group d/b/a Thealamedaway@aol.com d/b/a Neoline Inc d/b/a Swisswatchcraft.com d/b/a Ohmywatch.com ("Kim").

2. In my capacity as Chanel's Director, Legal Administration, I am responsible, in part, for Chanel's trademark and anti-counterfeiting efforts in the United States. As a result, I am fully familiar with most aspects of the manufacture, sale, and distribution of genuine Chanel products, including watches, and I have been trained to identify the distinctions between genuine Chanel merchandise and counterfeit copies of the same.

3. Since the 1920s, Chanel has been engaged in the promotion, distribution, and sale in interstate commerce of high quality products under the Chanel trademarks.

4. Chanel the owner of all rights in and to the following federally registered trademarks:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| CHANEL | 0,955,074 | March 13, 1973 |
| CHANEL | 1.571,787 | December 19, 1989 |
| J12 | 2,559,772 | April 9, 2002 |
| CHANEL | 1,238,001 | May 17, 1983 |
| CHANEL | 3,133,139 | August 22, 2006 |

which are registered in International Class 14 and are used in connection with manufacture and distribution of, among other things, high quality watches. True and correct copies of the Federal Registrations for the Chanel Marks are attached as Composite Exhibit "D" to Plaintiff's Motion for Entry of Final Default Judgment against Kim.

5. Genuine Chanel products are marketed and sold at Chanel boutiques throughout the United States, at high quality, prestigious retail stores, and via the Internet. During the more than 80 years that Chanel has sold its products in interstate commerce under the Chanel Marks, Chanel has spent hundreds of millions of dollars to extensively advertise and promote its goods. In the last five years, Chanel's sales of high quality watches and other goods have been well into many millions of dollars.

6. As a result of the foregoing, the Chanel Marks have acquired fame in the consumer market for a wide variety of products, including high quality watches and other goods. The Chanel Marks have come to symbolize the enormous

goodwill of Chanel's products throughout the United States and the world. No other manufacturer uses the Chanel Marks or any substantially similar marks for the same type of goods. Chanel actively polices and enforces its trademark rights.

7. The Chanel Marks are vital to Chanel's business. The Chanel Marks represent virtually the entire value of the company's business and its associated image. The Chanel Marks have never been abandoned. Chanel suffers irreparable harm to its goodwill, as well as a direct monetary loss, any time any third parties, including Kim, sell counterfeit goods bearing identical or substantially similar trademarks.

8. Chanel received information that Kim was selling watches and various other items under the Chanel Marks without Chanel's authorization through her Internet website "Swisswatchfactory.com." Kim does not have, nor has she ever had, the right or authority to use the Chanel Marks for any purpose. True and correct printouts from the "Swisswatchfactory.com" website showing the products bearing the Chanel Marks offered for sale by Kim are attached as Exhibit "F" to Chanel's Motion for Default Judgment.

9. In or about March, 2007, as part of its ongoing investigations regarding counterfeit Chanel products, Chanel retained Robert Holmes of IPCyberCrime.com, LLC, formerly, the Holmes Detective Agency, to investigate the suspected sales of counterfeit Chanel products by Kim. Mr. Holmes purchased a watch bearing the Chanel Marks at issue in this matter from Kim through her

Internet website Swisswatchfactory.com for $699.00, including shipping. On or about June 1, 2007, Mr. Holmes received the watch bearing the Chanel Marks at issue in this action and delivered the same to Chanel. A true and correct photograph of the watch Mr. Holmes purchased from Kim through her website Swisswatchfactory.com together with true and correct copies of the invoice, the outer package, and the Chain of Custody are attached are attached as Composite Exhibit "2" to the Declaration of Robert Holmes in support of Chanel's Motion for Default Judgment.

10. I personally analyzed the watch purchased by Mr. Holmes from Kim through her Swisswatchfactory.com website and determined it to be a non-genuine Chanel product. My analysis included review of the workmanship and materials of the watch including markings on the watch, items provided together with the watch and the quality of the watch itself. Specifically, the serial number doesn't match the correct watch size and color on the watch purchased from Kim through her website SwissWatchFactory.com. Additionally, features of the Defendant's watch are inconsistent with those used in connection with genuine Chanel watches of this style.

11. In view of the foregoing, Chanel can confirm that the watch sold by Kim through her website, SwissWatchFactory.com, to Chanel's private investigator under the Chanel Marks is a counterfeit product and is of inferior quality to genuine Chanel products.

12. As a result of the availability of the counterfeit products being offered by Kim, Chanel is highly likely to experience irreparable damage to its reputation among consumers unless the infringing activity alleged in its Complaint is stopped.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 28th day of May, 2008.

*/s/ Adrienne Hahn Sisbarro*
ADRIENNE HAHN SISBARRO